UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KELLY M. BRADY,

    Plaintiff,

v.

JAY PAY LLC,

    Defendant.

Case No. 25-10604
Honorable Laurie J. Michelson

## OPINION AND ORDER SUMMARILY DISMISSING COMPLAINT [1]

On March 4, 2025, Kelly M. Brady, incarcerated at the Thumb Correctional Facility in Lapeer, Michigan, filed a *pro se* complaint alleging that "Jay Pay took 102 songs off my account and album totaling $223.13." (ECF No. 1, PageID.3.) Brady used a standard form civil rights complaint under 42 U.S.C. § 1983. But Brady also identified the cause of action as "breach of contract." (*Id.*) Either way, the complaint fails to state a claim for relief under 42 U.S.C. § 1983 and fails to demonstrate that the Court has jurisdiction to adjudicate a state claim for breach of contract. Thus, the complaint is DISMISSED WITH PREJUDICE.

### I.

On April 9, Chief Magistrate Judge David R. Grand granted Brady's application to proceed without prepaying fees or costs. (ECF No. 6); *see also* 28 § U.S.C. 1915(a); *McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir. 1997).

When a Court grants an application under 28 U.S.C. § 1915, it has an additional responsibility: screen the complaint and decide whether it "is frivolous or

malicious" or "fails to state a claim on which relief may be granted." *See* 28 U.S.C. § 1915(e)(2)(B); *see also McGore*, 114 F.3d at 608. Although a pro se litigant is entitled to a liberal construction of his pleadings and filings, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). In contrast, a complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed. *McGore,* 114 F.3d at 612.

## II.

Brady filed this suit using a form complaint designated for § 1983 cases. To establish a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must establish that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001).

Brady alleges that the defendant removed 102 songs from his media account, which he claims amounts to a breach of contract. He seeks monetary damages in the

amount of $ 223.13 and also asks this Court to order Defendant to reimburse him for the filing fee.

Brady's claims must be dismissed for several reasons.

First, Brady cannot maintain a § 1983 action against JPAY, LLC because it is a private business and it is not plausibly alleged that JPAY was acting under color of state law when it agreed to provide telephone or media services to Brady.

In order to act under the color of state law, a defendant in a § 1983 action must have exercised the power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West*, 487 U.S. at 49. "A private business does not act under color of state law, and thus is not a 'state actor,' unless its conduct is 'fairly attributable to the state.'" *Brite Fin. Servs., LLC v. Bobby's Towing Serv., LLC,* 461 F. Supp. 3d 549, 563 (E.D. Mich. 2020) (citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)).

A private telecommunications company that provides telephone services for inmates, like JPAY, LLC, is not a state actor for purposes of § 1983. *See Evans v. Skolnik*, 637 F. App'x 285, 287 (9th Cir. 2015). The fact that JPAY, LLC contracts with the Michigan Department of Corrections to provide telephone services to inmates does not make it a state actor for purposes of § 1983. *See Chico–Polo v. Embarq Payphone Servs., Inc.,* No. 11–1427, at *3 (6th Cir. Mar. 15, 2012) (finding that the fact that defendant, Embarq Payphone Services, Inc., contracted with the state for delivery of telephone services to prisoners did not make it a state actor for purposes of § 1983) (citing *Iswed v. Caruso*, No. 08–1118, 2009 WL 4251076, at *3

(W.D. Mich. Nov. 24, 2009)); *Pierce v. Kalamazoo Cnty. Jail*, No. 14-684, 2014 WL 5599693, at *2 (W.D. Mich. Nov. 3, 2014) ("the provision of telephone services to inmates in a county jail, and then charging for them pursuant to its contract with the county, does not transform [defendant telephone company] into a state actor for purposes of § 1983."); *Butz v. Clayton*, No. 15-12233, 2016 WL 3022704, at *5 (E.D. Mich. Apr. 25, 2016) (Leitman, J. adopting report and recommendation of Patti, MJ) (following *Pierce* and *Iswed* to dismiss claims against Securus Technologies as a non-state actor); *see also Dubarry v. Annucci*, No. 21-5487, 2022 WL 4485359, at *12 (S.D.N.Y. Sept. 27, 2022) ("JPAY, LLC is comparable to an entity providing telephone services, and is thus not a state actor for purposes of § 1983 liability."); *but cf, Walen v. Embarq Payphone Servs. Inc.*, No. 06-14201, 2009 WL 3012351, at *3–4 (E.D. Mich. Sept. 17, 2009) (O'Meara, J., adopting report and recommendation of Whalen, M.J.) (finding that, in a case where six conversations between the plaintiff and his attorney were erroneously recorded, the telephone company qualified as a state actor *where it provided the telephone monitoring system*) (emphasis added). "Given the strong national trend towards not considering prison telephone service providers as state actors under Section 1983", this Court concludes that JPAY, LLC "is not a state actor based on the facts as pleaded." *Montgomery v. Securus Techs.*, No. 19-00433, 2020 WL 3343000, at *5 (W.D. Ky. June 18, 2020).

Secondly, assuming that JPAY, LLC's actions could be attributable to the State of Michigan, Brady is still unable to bring a cause of action against the defendant for wrongfully retaining or converting his monetary funds.

An unauthorized intentional deprivation of property by a state employee does not violate the procedural requirements of the Due Process Clause of the Fourteenth Amendment so long as a meaningful state post-deprivation remedy for the loss is available. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Bass v. Robinson*, 167 F.3d 1041, 1049 (6th Cir. 1999). A plaintiff who brings a § 1983 procedural due process claim has the burden of pleading and proving that the state remedies for redressing the wrong are inadequate. *Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir. 1983). If a plaintiff in a 42 U.S.C. § 1983 action fails to demonstrate the inadequacy of his state remedies, the case should be dismissed. *See Bass,* 167 F.3d at 1050.

Plaintiff does not allege the inadequacy of remedies in Michigan for him to obtain compensation for his loss, nor does he even indicate that he has attempted to obtain relief from any court or tribunal in Michigan. "State tort remedies generally satisfy the post-deprivation process requirement of the Due Process Clauses." *Fox v. Van Oosterum,* 176 F.3d 342, 349 (6th Cir. 1999).

Michigan has several post-deprivation remedies, including Michigan Court Rule 3.105, which allows for an action for claim and delivery of the property, Michigan Compiled Laws § 600.2920, which provides a civil action to recover possession of or damages for goods and chattels unlawfully detained, and Michigan Compiled Laws § 600.6401, the Michigan Court of Claims Act, which establishes a procedure to compensate for alleged unjustifiable acts of state officials. *See Copeland v. Machulis*, 57 F.3d 476, 480 (6th Cir. 1995). Because Michigan provides Plaintiff with adequate post-deprivation remedies for the loss of his property, the alleged unauthorized

intentional deprivation of his property would not rise to the level of a violation of due process. *See Keenan v. Marker,* 23 F. App'x 405, 407 (6th Cir. 2001).

## III.

Although Brady filed this case using a § 1983 form complaint, he lists "breach of contract" under his statement of claims. But even if Brady meant to bring a breach of contract claim, rather than a § 1983 claim, dismissal of the complaint would still be required.

Federal courts, unlike state courts, are courts of limited jurisdiction. *EBI-Detroit, Inc. v. City of Detroit*, 279 F. App'x 340, 344 (6th Cir. 2008). "A plaintiff in federal court has the burden of pleading sufficient facts to support the existence of the court's jurisdiction." *Vaughn v. Holiday Inn Cleveland Coliseum*, 56 F. App'x 249, 250 (6th Cir. 2003).

Federal courts generally lack jurisdiction over claims arising under state law, like breach of contract, unless the parties are citizens of different states and the amount of controversy is over $75,000. 28 U.S.C. § 1332(a); *see Stryker Emp. Co., LLC v. Abbas*, 60 F.4th 372, 380 (6th Cir. 2023). The parties here are both citizens of Michigan and Brady seeks only $223.13.[1] (ECF No. 1, PageID.3.) Thus, the Court does not have diversity jurisdiction to adjudicate a breach of contract claim.

---

[1] Brady also seeks filing fees (ECF No. 1, PageID.4), but even including these fees, he fails to meet the jurisdictional threshold of $75,000.

6

## IV.

Accordingly, Brady's complaint is hereby DISMISSED WITH PREJUDICE for want of jurisdiction and failing to state a claim upon which relief can be granted.

The Court further finds that because the complaint lacks any arguable basis in the law, any appeal by Brady would be frivolous and not undertaken in good faith. *See Alexander v. Jackson,* 440 F. Supp. 2d 682, 684 (E.D. Mich. 2006) (citing 28 U.S.C. § 1915(a)). Thus, the Court will not grant leave to appeal in forma pauperis.

SO ORDERED.

Dated: April 10, 2025

                                              s/Laurie J. Michelson
                                              LAURIE J. MICHELSON
                                              UNITED STATES DISTRICT JUDGE